11-3464-cv
Piccone v. Town of Webster

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                     *Circuit Judges*.

─────────────────────────────────────────────────────────────

PAMELA PICCONE,

                    *Plaintiff-Appellant*,


         -v-                                      11-3464-cv

TOWN OF WEBSTER, RONALD NESBITT, TOWN OF WEBSTER SUPERVISOR, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, BARRY A. DEAN, HIGHWAY SUPERINTENDENT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                    *Defendant-Appellees.*

─────────────────────────────────────────────────────────────

Appearing for Appellant:    STEVEN E. LAPRADE (Christina A. Agola, *on the brief*),
                            Christina A. Agola, PLLC, Rochester, NY.

Appearing for Appellee:     JOSHUA FEINSTEIN (Adam W. Perry, *on the brief*), Hodgson
                            Russ LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Pamela Piccone ("Plaintiff") appeals from the district court's (Telesca, *J.*) grant of summary judgment in favor of Defendant-Appellees ("Defendants"). In her complaint, Plaintiff alleged, *inter alia*, discrimination on the basis of age in violation of 42 U.S.C. § 1983 ("Section 1983") and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-301; a hostile work environment in violation of Section 1983 and the NYSHRL; and liability against the Town of Webster under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment *de novo*." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 465 (2d Cir. 2001). We "view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Id.* at 466.

Plaintiff's age discrimination claims under Section 1983 and the NYSHRL are analyzed under the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] *See Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 123 (2d Cir. 2004); *Abdu-Brisson*, 239 F.3d at 466. "Under this framework, . . . a plaintiff must first establish a *prima facie* case of age discrimination." *Abdu-Brisson*, 239 F.3d at 466. "Once the plaintiff has made out a *prima facie* case, the employer is required to offer a legitimate, nondiscriminatory business rationale for its actions." *Id.* "If the employer articulates such a reason, the presumption of age discrimination dissolves, and the burden shifts back to the plaintiff to prove that the employer's stated reasons are merely pretextual and that age discrimination was the true reason for the adverse employment action." *Id.* "To establish a *prima facie* case of age discrimination, a plaintiff must show four things: (1) [s]he is a member of the protected class; (2) [s]he is qualified for [her] position; (3) [s]he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." *Id.* (internal footnote omitted).

---

[1] Plaintiff did not bring claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Claims under Section 1983 and the ADEA differ in the third step of the *McDonnell Douglas* framework: Under Section 1983, Plaintiff must show that age discrimination "motivated at least in part" the adverse employment action, while, under the ADEA, Plaintiff must show that the age discrimination was the "but for cause" of the adverse employment action. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (internal quotation marks omitted). It is an open question in our circuit whether the ADEA preempts age discrimination claims under Section 1983. However, because we find that Plaintiff's claim fails at *McDonnell Douglas* step one, we decline to address the preemption issue here.

Here, Plaintiff alleges that Defendants discriminated against her by terminating her from her position as drainage department clerk. Plaintiff has established the first three elements of a *prima facie* case. However, viewing the evidence in the record in the light most favorable to Plaintiff, she has failed to establish circumstances surrounding her termination that give rise to an inference of age discrimination. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994)) (listing circumstances that may lead to an inference of discriminatory intent). Accordingly, Plaintiff's claims fail.

Next, Plaintiff raises hostile work environment claims pursuant to Section 1983 and the NYSHRL. To defeat a motion for summary judgment on a claim of hostile work environment, "a plaintiff must produce evidence that the workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult, that [wa]s sufficiently severe or pervasive to alter the conditions of the victim's employment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted).

Plaintiff makes hostile work environment claims on the basis of race, age, and sex. Her claims fail because she has failed to allege facts sufficient to support a finding of a severe or pervasive conduct. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (listing factors to look at in determining whether a work environment is hostile).

Finally, Plaintiff alleges *Monell* liability against the Town of Webster. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted). Here, we need not reach the issue of whether the Town of Webster engaged in an official policy or custom that affected Plaintiff, because she has failed to allege a denial of a constitutional right. Accordingly, her *Monell* claim fails.

We have considered Plaintiff's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3